**WITTELS MCINTURFF PALIKOVIC**
Daniel J. Kieselstein
305 B<small>ROADWAY</small>, 7<small>TH</small> F<small>LOOR</small>
N<small>EW</small> Y<small>ORK</small>, N<small>EW</small> Y<small>ORK</small> 10007
Tel: 914-775-8862
djk@wittelslaw.com

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KRISTIN ADAMIEC,**<br><br>On Behalf of Herself and All Others Similarly Situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**ASANA REBEL GMBH**,<br><br>**Defendant.** | Case No.: 1:25-cv-10358 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PERMIT SERVICE BY ALTERNATIVE MEANS ON DEFENDANT ASANA REBEL GMBH**

**WITTELS MCINTURFF PALIKOVIC**
Daniel J. Kieselstein
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (914) 775-8862
djk@wittelslaw.com

Dated: September 24, 2025

Plaintiff Kristin Adamiec ("Plaintiff") respectfully submits this Memorandum of Law in Support of Her Motion to Permit Service by Alternative Means on Defendant Asana Rebel GmbH ("Motion").

## INTRODUCTION

Plaintiff filed this case on August 29, 2025, challenging Asana Rebel GmbH's ("Asana Rebel," "Defendant," or the "Company") use of deceptive and unlawful automatic renewal practices designed to mislead consumers into paying for unwanted app-based health and fitness subscriptions. Plaintiff is a citizen of Illinois. Asana Rebel is a German corporation with its principal place of business in Berlin, Germany.

Both Germany and the United States are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (Nov. 15, 1965) (the "Hague Convention"). Rule 4(f)(1) allows a plaintiff to effect service under the Hague Convention, but it is not the only manner of effectuating service. Rule 4(f)(3) states that a foreign defendant may be served "by other means not prohibited by international agreement, as the court orders."

In this action, Hague Convention service under Rule 4(f)(1) would require a translator and a process server specializing in Hague Convention service. Such service is estimated to take at least six months at a cost of thousands of dollars—with no guaranteed outcome. In this District, courts routinely hold that alternative service is warranted without first requiring plaintiffs to attempt serving a foreign party by conventional means under Rule 4(f)(1). Courts also regularly authorize alternative service by email on foreign parties, including ones in Germany, because it is not prohibited by the Hague Convention or any other international agreement. And courts routinely

hold that service by email is reasonably calculated to provide notice of the lawsuit to a foreign defendant, satisfying the due process requirement.

Publicly available information indicates that Asana Rebel has been using Plaintiff's proposed email address for service—support@asanarebel.com—for many years as the Company's principal means of communicating with customers and that it regularly monitors communications to this email address. In the last seven years, Asana Rebel provided the same email address as a means of communication to customers on a variety of platforms, including the Apple Store, Google Play Store, and Trustpilot. After filing the Complaint, Plaintiff's counsel requested that Asana Rebel waive service by sending the required forms and case-initiating documents to support@asanarebel.com. The same day, he received a presumably automated response from support@asanarebel.com stating that Asana Rebel "received your email and will get back to you with a (human) response as soon as possible." To date, Plaintiff's counsel has received no response from Asana Rebel, and it appears unlikely that Defendant will waive service.

Plaintiff respectfully asks the Court to authorize service on Asana Rebel by sending the Summons and Complaint to the email address support@asanarebel.com because such service avoids unnecessary cost and delay associated with Hague Convention service, is not prohibited by international agreement, and is likely the best means to provide notice to Asana Rebel of the pendency of this action.[1]

**FACTUAL BACKGROUND**

Plaintiff filed this case on August 29, 2025. ECF No. 1 ("Complaint"). Plaintiff is challenging Asana Rebel's use of deceptive and unlawful automatic renewal tactics to trick

---

[1] Upon filing, Plaintiff will send a ECF-stamped copy of her Notice of Motion, Motion, this Brief, and the Declaration of Daniel J. Kieselstein, dated September 24, 2025, with exhibits thereto to Defendant via Defendant's email address support@asanarebel.com.

1

consumers into paying for unwanted app-based health and fitness subscriptions. *Id.* ¶ 1. As alleged in the Complaint, Asana Rebel subscriptions are deceptive and unlawful in at least four ways, including: (1) misleading consumers regarding the fact that Asana Rebel subscriptions automatically renew; (2) sending subscription acknowledgment emails to consumers that do not clearly and conspicuously disclose how to cancel an Asana Rebel subscription; (3) making cancellation of an Asana Rebel subscription intentionally difficult; and (4) on information and belief, failing to send consumers notice of upcoming automatic renewal payments, all in violation of Illinois law. *Id.* ¶¶ 8–12. Plaintiff is seeking injunctive or other appropriate equitable relief to stop these alleged unlawful practices. *Id.* at 40.

Plaintiff is a citizen of Illinois. *Id.* ¶ 21. Asana Rebel is a German corporation incorporated under the laws of Germany. *Id.* ¶ 23. Asana Rebel's principal place of business is in Berlin, Germany, at Dessauer Str. 28-29 10963. *See* Declaration of Daniel J. Kieselstein, dated Sept. 19, 2025 ("Kieselstein Decl.") ¶ 4, Ex. A.

The Hague Convention is an international treaty intended to provide litigants with a means for service of legal documents on parties that reside in another country. Under the Hague Convention, the main channel of service of process is a Central Authority designated by each member state. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988). Germany and the United States are signatories to the Hague Convention. Hague Conference on Private Int'l Law, *Status Table*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

Article 10 of the Hague Convention allows for service of process through alternative means such as "postal channels" and "judicial officers," provided that the destination state does not object to those means. *Id*. at Art. 10. Germany has objected to all the means listed in Article 10. *See*

2

Hague Conference on Private Int'l Law, *Germany – Central Authority & practical information*, https://www.hcch.net/en/states/authorities/details3/?aid=257. Accordingly, utilizing the Central Authority pursuant to Articles 2 and 5 is the only way to effect service on Asana Rebel under the Hague Convention.

Before filing this Motion, Plaintiff's counsel contacted a process server specializing in serving foreign defendants. Kieselstein Decl. ¶ 5. The process server advised Plaintiff's counsel that serving Asana Rebel under the Hague Convention would cost approximately $5,400 and take at least six months. *Id.* ¶ 6. On September 5, 2025, by means of an email to support@asanarebel.com, Plaintiff's counsel requested that the Company waive service of process, attaching the Complaint, Civil Cover Sheet (ECF No. 2), the Summons (ECF No. 5), the Court's Order setting the Scheduling Conference (ECF No. 6), and a waiver of service form. *Id.* ¶ 7, Ex. B. Later that same day, Plaintiff's counsel received a response from support@asanarebel.com, which stated in part that Asana Rebel "received your email and will get back to you with a (human) response as soon as possible." *Id.* ¶ 8, Ex. C. To date, Plaintiff has not received a "(human) response" from Defendant. *Id.* ¶ 9.[2]

## ARGUMENT

### I. Alternative Service of Process Under Rule 4(f)(3) is Appropriate.

A foreign corporation may be served outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under [Rule 4](f)(2)(C)(i)." Fed. R. Civ. P. 4(h). Additionally, service on a foreign corporation may be effectuated by any "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Alternative service is 'neither a "last resort" nor "extraordinary relief,"' but instead 'is merely one means

---

[2] Because Defendant has not responded to Plaintiff's initial contact, Plaintiff has been unable to determine whether Defendant opposes this Motion.

3

among several which enables service of process on an international defendant." *1025 W. Addison St. Apts. Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20 Civ. 6811, 2021 WL 2136073, at *8 (N.D. Ill. May 26, 2021) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

"[S]ervice pursuant to the Hague [] Convention need not be attempted before alternative service is authorized and effectuated." *1025 W. Addison*, 2021 WL 2136073, at *8 (collecting cases); *see also Peanuts Worldwide LLC v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, 347 F.R.D. 316, 328 (N.D. Ill. 2024) (Rule 4 "does not require a party 'to attempt service under the Convention before seeking a court order directing alternative service.'") (quoting *NBA Props., Inc. v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)).

Court-directed service pursuant to Rule 4(f)(3) is appropriate under certain circumstances, such as "when there is a need for speed that cannot be met by following the Hague Convention methods." *1025 W. Addison St.*, 2021 WL 2136073, at *8. An extended turnaround time for service under the Hague Convention has been found to be sufficient grounds for alternative service. *See In re Paraquat Prod. Liab. Litig.*, No. 21 MD 3004 (NJR), 2021 WL 4775284, at *3 (S.D. Ill. Oct. 13, 2021) ("Plaintiffs who have attempted to initiate service under the Hague Convention have been told the process will take 16 weeks or longer.").

Here, the Complaint seeks injunctive relief to stop Asana Rebel's ongoing unlawful conduct. Compl. at 40. Attempting service under the Hague Convention that would take at least six months—with uncertain result—creates extended turnaround time and unnecessary delay. Service by alternative means, specifically by email, will avoid any delay in serving Asana Rebel and permit this case to move forward in a timely fashion. *See Smith v. SMS Grp.*, No. 22 Civ. 1303

(DWD), 2022 WL 15460279, at *2 (S.D. Ill. Oct. 27, 2022) (authorizing alternative service on German defendant where Hague Convention service would "take another six to twelve months")

II. **Service by Email is Not Prohibited by International Agreement.**

Where a signatory nation has objected to only the means of service listed under Article 10, courts are free to order an alternative means of service under Rule 4(f)(3) that is not specifically referenced in Article 10 or otherwise prohibited by international agreement. *NBA Props.*, 549 F. Supp. 3d at 796. Service by email is not among the means listed in Article 10, and Germany has not specifically objected to service by email. *See Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 343 (E.D.N.Y. 2021) ("Although Germany has objected to Article 10, an objection to Article 10 does not prohibit service by email.").

Indeed, the "overwhelming majority of courts in this district" have concluded that the Hague Convention does not prohibit service by email. *Klauber Bros., Inc. v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, No. 23 Civ. 10407, 2024 WL 182209, at *3 (N.D. Ill. Jan. 17, 2024) (collecting cases); *see also Kangol, LLC v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, No. 24 Civ. 1636, 2025 WL 1677615, at *3 (N.D. Ill. June 13, 2025) ("The Court will follow the suit of other Northern District of Illinois courts, finding that service via email is not prohibited by Article 10(a)."); *NBA Props.*, 549 F. Supp. 3d at 798 ("service by email is not prohibited by the Convention"); *Oakley, Inc. v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, No. 20 Civ. 5049, 2021 WL 2894166, at *5–6 (N.D. Ill. July 9, 2021) (same). District courts from across the country are in accord, including specifically with respect to service on German parties. *See, e.g.*, *Spike Cable Networks Inc. v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Schedule "A"*, No. 25 Civ. 22171 (RAR), 2025 WL 2301897, at *2 (S.D. Fla. June 25, 2025) (authorizing email service to German defendant); *Front Row Fund I, L.P. on behalf of ChoiceWORX, Inc. v. Gross*, No. 23 Civ. 2255 (JHR) (JLC), 2023

5

WL 4441976, at *2 (S.D.N.Y. July 11, 2023) ("Because Germany has not explicitly objected to service by electronic means, and the Court is not aware of any other international agreement or German law that prohibits service via email, the Court concludes that service via email on Defendants may qualify as an alternative means of service under Rule 4(f)(3)." (quoting *Grp. One*, 523 F. Supp. at 342)); *Twitch Interactive, Inc. v. Fishwoodco GmbH*, No. 22 Civ. 3218 (VKD), 2022 WL 16953640, at *2 (N.D. Cal. Nov. 15, 2022) (authorizing email service to German defendant); *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 174–75 (S.D. Ohio 2013) (same).

### III. Service by Email Comports with Due Process.

Rule 4(f)(3) permits the Court to order alternative "service by any means not prohibited by international agreement, as long as the method of service comports with constitutional notions of due process." *Ouyeinc Ltd. v. Alucy*, No. 20 Civ. 3490, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021) (quoting *Strabala v. Zhang*, 318 F.R.D. 81, 115–16 (N.D. Ill. 2016)). Due process requires that "service of process be reasonably calculated both to apprise a party of the pendency of an action and to provide it with an opportunity to respond." *Swaim v. Moltan Co.*, 73 F.3d 711, 720 (7th Cir. 1996). Courts have found service by email comports with due process where defendants conducted business using the email address sought to be used for alternative service. *See Grp. One*, 523 F. Supp. 3d at 344; *see also Philip Morris USA Inc. v. Veles Ltd.*, No. 06 Civ. 2988 (GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing email service where "defendants conduct[ed] business extensively, if not exclusively, through their [i]nternet websites and correspond[ed] regularly with customers via email").

Here, Asana Rebel regularly uses and monitors the email address support@asanarebel.com. Asana Rebel uses this email address for correspondence with customers. Kieselstein Decl. ¶ 10, Ex. D. It lists this email address as contact information on the consumer

6

review website Trustpilot, *id.* Ex. E at 3, and has been providing this email address in response to consumer questions or complaints at a variety of other platforms over at least the past seven years, including the Apple Store, *id.* Ex. F (Apr. 7, 2018), and Google Play, *id.* Ex. G at 3 (Sept. 16, 2025). *Id.* ¶ 11. When Plaintiff's counsel attempted to obtain a waiver of service using this email address, he received a reply the same day, further proving that this email address is functional and actively monitored. Sending the Summons and Complaint to support@asanarebel.com is therefore calculated to provide notice of this action to Asana Rebel.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion to permit service by alternative means on Asana Rebel, specifically by sending the Summons and Complaint to the email address support@asanarebel.com.

Dated: September 24, 2025          **WITTELS MCINTURFF PALIKOVIC**

/s/ Daniel J. Kieselstein
Daniel J. Kieselstein
305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007
Tel: (914) 775-8862
djk@wittelslaw.com

*Counsel for Plaintiff and the Proposed Class*

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2025, all documents required to be served by Federal Rule of Procedure 5(a) were sent by email to Defendant Asana Rebel at the email address support@asanarebel.com. Because the Court has not yet ruled on this Motion, the documents were sent by email to Defendant to provide it with notice of the Motion.

        By:    /s/ Daniel J. Kieselstein
                Daniel J. Kieselstein