IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KRISTEN ADAMIEC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-10358 |
| v. | ) | |
| | ) | Hon. Elaine E. Bucklo |
| ASANA REBEL GMBH, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ASANA REBEL GMBH'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND MEMORANDUM IN SUPPORT PURSUANT TO THE
DOCTRINE OF *FORUM NON CONVENIENS***

Defendant, Asana Rebel GmbH ("Defendant"), by and through its undersigned counsel, and

for its Motion to Dismiss[1] Plaintiff's Complaint pursuant to the doctrine of *forum non conveniens*, states

as follows:

**INTRODUCTION**

Plaintiff Kristin Adamiec's ("Plaintiff") Complaint should be dismissed on the grounds of

*forum non conveniens* because her claims fall within the scope of the forum selection clause in her user

agreement with Defendant Asana Rebel GmbH ("Defendant"), and the clause expressly mandates

that all disputes arising out of the user agreement must be litigated in the courts of Berlin, Germany.

Additionally, Plaintiff cannot meet her burden to show that the public interest factors overwhelmingly

disfavor dismissal for *forum non conveniens*.

**SUMMARY OF RELEVANT BACKGROUND**

Defendant Asana Rebel GmbH was founded in 2015 and develops and markets IT

applications related to yoga and thematically adjacent areas. Declaration of P. Klein, ¶ 4. Defendant's

---

[1] On January 12, 2026, counsel for the parties conferred regarding Defendant's intent to file a motion to dismiss based on *forum non conveniens*. Plaintiff did not agree to the relief requested herein.

1

registered office is in Berlin, Germany. *Id.* ¶ 5. Its employees are based in Germany. *Id.* ¶ 6. Defendant does not have a physical presence in the United States or anywhere outside of Germany. *Id.* ¶ 7.

Plaintiff Kristin Adamiec ("Plaintiff") enrolled in an annual subscription to Defendant on or about January 15, 2024. Klein Decl. ¶ 8; ECF No. 1, ¶ 76. Defendant's subscription services are governed by its Terms of Use which are publicly available and published on its website. Klein Decl. ¶ 9, Ex. A; https://asanarebel.com/terms-of-use/ (last accessed January 13, 2026). The current, operative Terms of Use were last revised in November 2024. Klein Decl. ¶ 9, Ex. A. A prior version of the Terms of Use was in effect at the time Plaintiff enrolled in her annual subscription. Klein Decl. ¶ 10, Ex. B.

The Terms of Use "provide[s] the basis for the user agreement" between Plaintiff and Defendant, and the "contract subject matter is the free or paid use of services" offered by Defendant on its website or mobile application. Klein Decl. Ex. A, §§ 1.1; 5.1; Ex. B, §§ 1.1; 5.1. The Terms of Use expressly state that Defendant's subscription services automatically renew until either the customer or Defendant takes action to cancel or opt out, and also describes how customers can cancel their subscription. Klein Decl. Ex. A, §§ 5.2.2; 7.1; 7.2; Ex. B, §§ 5.2.2; 7.1; 7.2.

The Terms of Use also contains a forum selection clause and choice of law provision:

> **17.2 Governing substantive law**
> All dealings between the parties are governed exclusively by German law, under exclusion of the provisions of the UN Convention on Contracts for the International Sale of Goods (CISG). Business transactions with consumers residing in the European Union may also be subject to the law that is applicable at the place of the consumer's residence, if and to the extent that mandatory consumer protection provisions are involved.

> **17.3 Venue and Jurisdiction**
> If there is no court in Germany or another EU country where venue and jurisdiction is proper based on your residence, habitual abode, or corporate domicile (allgemeiner Gerichtsstand), or if you relocate your permanent place of residence to another country outside the EU after the effective date of these General Terms and Conditions, or if your place of residence or habitual abode is unknown at the time legal action

> is filed, exclusive venue and jurisdiction for any and all disputes arising from this Agreement will be in the courts at the place of our registered office.

Klein Decl. Ex. A, §§ 17.2; 17.3; Ex. B, §§ 17.2; 17.3.

Plaintiff alleges that she is a citizen of Illinois. ECF No. 1, ¶ 21. She claims that on or about January 15, 2024, she signed up for Defendant's app-based health and fitness subscription and paid $35.99 for an annual subscription. *Id.* ¶ 76. She alleges that Defendant did not "adequately" disclose that the subscription would automatically renew on its website, and so she "believed" she would not be charged again after the year ended even if she did not take action to affirmatively cancel her subscription. *Id.* ¶¶ 78, 81. Plaintiff did not cancel her subscription, so on January 15, 2025, Plaintiff was charged for another year. *Id.* ¶ 79. Plaintiff alleges that she did not authorize the January 15, 2025, charge and that she should not have been charged due to Defendant's purported inadequate disclosures. *Id.* ¶¶ 83-84. Based on this, Plaintiff filed the Complaint asserting five causes of action: (1) violations of the Illinois Automatic Contract Renewal Act, (2) violations of the Illinois Consumer Fraud Act, (3) conversion, (4) unjust enrichment, and (v) moneys had and received.

**ARGUMENT**

### I. LEGAL STANDARD

Forum selection clauses that designate a foreign forum are enforced through the doctrine of *forum non conveniens. Atl. Marine Constr. Co. v. United States Dist. Court,* 571 U.S. 49, 60 (2013); *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018) (same).

Generally, forum selection clauses are "presumed valid." *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 (7th Cir. 1993). Plaintiff's choice of forum merits no weight in the presence of a valid forum selection clause. *Atl. Marine,* 571 U.S. at 51. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. Additionally, the court "should not

3

consider the parties' private interests aside from those embodied in the forum-selection clause; it may only consider public interests" in the presence of a valid forum selection clause. *Id.* at 51; *Pomerantz v. Int'l Hotel Co., Ltd. Liab. Co.*, 359 F. Supp. 3d 570, 580 (N.D. Ill. 2019) (same, granting motion to dismiss based on *forum non conveniens*). Accordingly, when a defendant moves for dismissal for *forum non conveniens* pursuant to a mandatory forum selection clause, "a district court should [dismiss] the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a [dismissal]." *Atl. Marine,* 571 U.S. at 51-52.

The public interest factors considered by courts when conducting a *forum non conveniens* analysis include: "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Fischer v. Magyar Allamvasutak Zrt*, 777 F.3d 847, 868 (7th Cir. 2015)

These factors are "rarely" strong enough to defeat the *forum non conveniens* motion, so "the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine,* 571 U.S. at 51; *see also Avsharian v. M J Celco, Inc.*, No. 21 C 6495, 2022 U.S. Dist. LEXIS 194624, at *3 (N.D. Ill. Feb. 17, 2022) (same, granting dismissal pursuant to *forum non conveniens*).

"[T]here generally is no time limit[2] on when a motion to dismiss for *forum non conveniens* must be

---

[2] "The Supreme Court has squarely held that forum-selection clauses do not make venue 'improper' within the meaning of Rule 12(b)(3)." *Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC*, 104 F.4th 978, 984 (7th Cir. 2024), citing *Atl. Marine,* 571 U.S. at 55. Thus, Rule 12(h)(1) does not control the question of waiver for forum selection clauses or any other matters outside of the defenses listed in 12(b)(3)-(5)—*e.g.,* for motions to dismiss based on *forum non conveniens,* motions to enforce arbitration agreements, etc. *Id.* at 984-85; *see also Disaster Response, LLC v. Bay Cty. Bd. of Cty. Comm'rs*, No. 5:23cv22-TKW-MJF, 2023 U.S. Dist. LEXIS 66115, at *3 (N.D. Fla. Mar. 15, 2023) (failing to raise a forum selection clause in the first responsive pleading did not result in waiver of the clause, because a "motion to dismiss on the grounds of *forum non conveniens* (not improper venue) is the appropriate way to enforce a forum selection clause"). Thus, Defendant's omission of the forum selection clause in its answer does not constitute waiver of the clause; Defendant is timely asserting enforcement of the forum selection clause in the proper vehicle—a motion to dismiss for *forum non conveniens.* Moreover, Plaintiff

4

made," which "distinguishes *forum non conveniens* from the motion to dismiss for improper venue, to which the strict timing requirement of Civil Rule 12(h) apply." *Tyler Research Corp. v. Envacon, Inc.*, No. 4:19-CV-10-TLS-JEM, 2020 U.S. Dist. LEXIS 115217, at *10 (N.D. Ind. July 1, 2020) (granting motion to dismiss pursuant to *forum non conveniens*).

A dismissal based on *forum non conveniens* is without prejudice, "mean[ing] that although the dismissal is 'final' in the sense that plaintiffs are finished before the U.S. courts, they still are free to refile the case in another, appropriate forum. . ." *Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 657 (7th Cir. 2017) (internal citations and quotations omitted). The determination of whether dismissal is warranted on the basis *of forum non conveniens* "is committed to the sound discretion of the trial court.'" *Mueller*, 880 F.3d at 893 (internal citations omitted).

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS.*

### a. Choice of law to determine validity of the forum selection clause.

The Seventh Circuit court has stated that "the law designated in the choice of law clause [in a contract] would be used to determine the validity of the forum selection clause." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 775 (7th Cir. 2014); *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008) ("the validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute.").

The governing substantive law for Plaintiff's claims is German law. Klein Decl. Ex. A, § 17.2;

---

expressly agreed in the joint Report of Parties' Planning Meeting that Defendant may amend its pleadings to and including April 17, 2026. ECF No. 23; *see also Escobedo v. Ram Shirdi, Inc.*, No. 10 C 6598, 2011 U.S. Dist. LEXIS 24912, at *5 (N.D. Ill. Mar. 9, 2011) (granting defendant leave to file an amended answer when the amendment was "long before the deadline for amending pleadings to which the parties agreed"). Thus, Defendant can file an amended answer without leave of court. *DBS Constr., Inc. v. New Equip. Leasing, Inc.*, No. 2:10-CV-225, 2010 U.S. Dist. LEXIS 114628, at *3-5 (N.D. Ind. Oct. 27, 2010) (denying motion to strike amended answer when it was filed within the deadline to file amended pleadings set forth in the parties' joint Rule 26(f) report that was signed by counsel for all parties). Regardless, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15.

Ex. B, § 17.2. The Terms of Use contain a provision that "[a]ll dealings between the parties are governed exclusively by German law" unless the consumer resides in the European Union. Klein Decl. Ex. A. § 17.2; Ex. B § 17.2. Plaintiff alleges she is a citizen of Illinois. ECF No. 1, ¶ 21. Thus, German law applies. Even if federal law determined the validity of the forum selection clause, however, the forum selection clause is still valid and enforceable.

**b. German law supports that the forum selection clause is valid and enforceable.**

German law supports that the forum selection clause in the Terms of Use is valid and enforceable. *See generally,* Aff. of R. von Hennigs.

If a forum selection clause agreeing to resolve matters in Germany is valid, then the clause will be strictly enforced, and only a German forum would be proper to govern the claims. *Id.* p. 3. German law permits parties to a consumer contract with a consumer that is not domiciled in the European Union (i.e., Plaintiff) to agree upon exclusive jurisdiction, subject only to general fairness and transparency requirements. *Id.* p. 3. Under German law, forum selection clauses contained in properly incorporated general terms and conditions are binding unless they violate mandatory consumer protection rules or constitute unfair surprise or unreasonable disadvantage. *Id.* pp. 2-3.

Here, the forum selection clause is neither surprising nor oppressive under Sections 305c and 307 of the German Civil Code (BGB). *Id.* p. 3. The clause does not deprive EU consumers of mandatory protections, applies only where no EU consumer forum exists, and establishes a predictable and commercially reasonable venue. *Id.*

German law confirms that the forum selection clause in the Terms of Use is valid and enforceable, and thus, Plaintiff is obligated under the forum selection clause of the Terms of Use to file her claims in the courts in Berlin, Germany under federal law. *Id.* pp. 3-4; Klein Decl., Ex. A §§ 17.2, 17.3; Ex. B §§ 17.2, 17.3. Accordingly, Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non conveniens.*

    **c.   Even if German law did not apply to the validity of the forum selection clause, federal law also supports that forum selection clause is valid and enforceable.**

Even if federal law determined the validity of the forum selection clause, it similarly confirms that the clause is valid and enforceable and that Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non conveniens.*

To determine whether a forum selection clause is enforceable under federal law, the Court must determine if the (1) "claims fall within the scope of the clause," (2) "whether the clause is mandatory or permissive." *Xado Tech, LLC v. US Envirotech, Inc.,* No. 13 C 6901, 2014 U.S. Dist. LEXIS 109059, at * (N.D. Ill. Aug. 5, 2014), citing *Hugel,* 999 F.2d at 209 and *Paper Express, Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 757 (7th Cir. 1992). If the Court determines that the above two prongs are met, then (i) the court "should not give weight to plaintiff's choice of forum," (ii) the court "'should not consider arguments about parties' private interests'", and (iii) the plaintiff "'bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.'" *Id.* at *8-9, citing *Alt. Marine,* 571 U.S. at 51.

The forum selection clause here is enforceable under federal law because Plaintiff's claims fall within the scope of the clause and the clause is mandatory.

First, Plaintiff's claims fall within the scope of the forum selection clause. "Forum selection clauses are construed broadly, and can cover claims other than breach of contract." *Xado,* 2014 U.S. Dist. LEXIS 109059, at *9 (citing cases); *Am. Patriot Ins. Agency v. Mut. Risk Mgmt.,* 364 F.3d 884, 889 (7th Cir. 2004) ("a dispute over a contract does not cease to be such merely because instead of charging breach of contract the plaintiff charges a fraudulent breach, or fraudulent inducement, or fraudulent performance"). The forum selection clause contains express language governing "any and all disputes arising from [the] Agreement." Klein Decl., Ex. A § 17.3; Ex. B § 17.3. The Terms of Use expressly describes and sets forth the terms for the automatic renewal of Plaintiff's subscription and the cancellation process. Klein Decl., Ex. A §§ 5.1; 5.2.2; 7.1-7.2; Ex. B §§ 5.1; 5.2.2; 7.1-7.2. Plaintiff's

Complaint alleges disputes relating to Defendant's automatic renewal of Plaintiff's subscription and the cancellation process. ECF No. 1. Accordingly, the forum selection clause plainly encompasses each of Plaintiff's five causes of action. Klein Decl., Ex. A § 17.3; Ex. B § 17.3; *see, e.g., Paper Express, Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 755-57 (7th Cir. 1992) (forum selection clause expressing that "all disputes" "shall be filed in the court which has jurisdiction for the principal place of business of the supplier" encompassed the claims and was enforceable to transfer case to Germany); *Kohut v. Falk*, No. 7:24-cv-00773-RDP, 2025 U.S. Dist. LEXIS 137516, at *17-18 (N.D. Ala. July 18, 2025) (forum selection clause that governed "all disputes arising from or in connection with" the agreement was sufficiently broad to cover non-contractual claims).

Second, the forum selection clause is mandatory. "When a forum-selection clause designates an exclusive forum, the clause is mandatory." *See, e.g., Haywood v. ComTec Info. Sys.*, No. 25 CV 7883, 2025 U.S. Dist. LEXIS 203269, at *15-16 (N.D. Ill. Oct. 15, 2025) (finding forum selection clause specifying Dallas County as the "sole and exclusive jurisdiction" for dispute between the parties to be mandatory). Here, the forum selection clause designates the courts of Berlin, Germany as the "exclusive venue and jurisdiction for any and all disputes arising from this Agreement." Klein Decl., Ex. A § 17.3; *see, e.g., Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 756-57 (7th Cir. 1992) (collecting cases where forum selection clauses were enforced when "venue is specified with mandatory or obligatory language").

Accordingly, even if German law did not govern the validity of the forum selection clause, federal law confirms that the forum selection clause mandates Plaintiffs' claims be filed in the courts in Berlin, Germany. Klein Decl., Ex. A § 17.3; Ex. B § 17.3.

### d. This is not an exceptional or unusual case where the public interest factors would outweigh the mandatory forum selection clause.

Enforceable forum selection clauses are given "controlling weight in all but the most exceptional cases." *Atl. Marine,* 571 U.S. at 63 (internal citations omitted). Plaintiff is bound by the

forum selection clause unless she shows that "public-interest factors overwhelmingly disfavor" dismissal for *forum non conveniens. Atl. Marine,* 571 U.S. at 67; *Pomerantz,* 359 F. Supp. 3d at 580. The public interest factors plainly favor dismissal and no such exceptional circumstances exist here, so this matter should be dismissed pursuant to the doctrine of *forum non conveniens.*

The first public interest factor—the administrative difficulties stemming from court congestion—favors dismissal from the Northern District of Illinois because court congestion is high; "[f]or the period ending on June 30, 2025, in the Northern District of Illinois, the time from filing a lawsuit to trial was 56.4 months." *Vernon v. Doe*, No. 21-cv-6463, 2025 U.S. Dist. LEXIS 180107, at *5 (N.D. Ill. Sep. 15, 2025). Civil cases in Germany, however, have an average duration of 6.1 months. Hennigs Aff., p. 2. Moreover, trying this case in the current forum would contribute to the existing congestion when it would require translating law, testimony, and other evidence into and from German, yet Germany permits and is equipped to receive English documents with certified translations. Hennigs Aff., p. 2; *see, e.g., Dickens v. NXP Semiconductors*, 703 F. Supp. 3d 1013, 1021-22 (N.D. Cal. 2023) (noting that translation of law and testimony into and from German would contribute to congestion in the U.S. court).

The second factor is at best, neutral for Plaintiff. Plaintiff will have the burden of showing that this is a dispute "localized" to the Northern District of Illinois, when the dispute is regarding conduct and practices of a German company without any physical presence in the United States. Klein Decl. ¶¶ 5-7.

The third and fourth factors also favor dismissal, as the controlling law for "[a]ll dealings between the parties" is German law, and so a German venue would have familiarity with the controlling law, would not be applying foreign law, and would eliminate any unnecessary issues relating to conflicts of law. Hennigs Aff., p. 2; Klein Decl. Ex. A § 17.2; *Dickens*, 703 F. Supp. 3d at 1021-22 ("German courts are undeniably better suited than this Court to interpret and apply any of their own

9

… laws that might apply to this case.").

The fifth factor also favors dismissal; there is no concern for burdening German citizens with jury duty, as Germany does not rely on juries to hear civil cases and render verdicts. Hennigs Aff., p. 2. Similarly, Plaintiff will have the burden to show that it is not unfair to burden citizens in this forum with jury duty when the sole Defendant's principal place of business, employees, and only physical footprint are based in Germany.

Thus, the Complaint should be dismissed pursuant to the enforceable forum selection clause and the doctrine of *forum non conveniens.*

HINSHAW & CULBERTSON LLP


s/ *Margaret A. Hayes*
Margaret A. Hayes

Justin M. Penn
Margaret A. Hayes
Hinshaw & Culbertson LLP
North Franklin Street
Suite 2500
Chicago, IL 60606
Phone: 312-704-3000
Fax: 312-704-3001
jpenn@hinshawlaw.com
mahayes@hinshawlaw.com

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, I electronically filed **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT pursuant to the doctrine of** *forum non conveniens* with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system to be served on all counsel of record.


s/ *Margaret A. Hayes*

Margaret A. Hayes

10

11