Case: 1:25-cv-10358 Document #: 37 Filed: 03/13/26 Page 1 of 8 PageID #:498

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KRISTEN ADAMIEC, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-10358 |
| v. | ) | Hon. Elaine E. Bucklo |
| | ) | |
| ASANA REBEL GMBH, | ) | |
| Defendant. | ) | |

**DECLARATION OF JESKO ONKEN IN SUPPORT OF PLAINTIFF KRISTEN
ADAMIEC'S OPPOSITION TO DEFENDANT ASANA REBEL GMBH'S MOTION TO
DISMISS FOR *FORUM NON CONVENIENS***

I, Jesko Onken, declare as follows:

**INTRODUCTION, QUALIFICATION, BASIS OF KNOWLEDGE**

1.     I am a transactional attorney with over 20 years of experience in international business and contract law, particularly related to transactions in Germany and the United States. I have been actively licensed to practice law in Germany since 2006, where I completed my legal training in 2005. I have been licensed to practice law in California since 2009 and licensed in Hawai'i since 2019. I maintain active licenses, attorney-client relationships, and a law office presence in all three locations.

2.     In my practice, I have advised on commercial law with a focus on international business and contract law for over 20 years. I am competent to provide expert testimony on German law. I was asked by Plaintiff's counsel to provide an opinion on matters involving German law, in particular pertaining to contract formation. The opinions expressed herein are based upon my education and professional experience, review of the documents listed below, and knowledge and review of applicable German laws.

**MATERIALS CONSIDERED**

3.     In forming the opinions expressed herein, I reviewed the following documents:

- CLASS ACTION COMPLAINT FILED BY MS. KRISTIN ADAMIEC ("PLAINTIFF") AGAINST ASANA REBEL GMBH ("DEFENDANT"),

1

Case No. 25-cv-10358, filed in the U.S. District Court for the Northern District of Illinois (Dkt. No. 1);

- DEFENDANT ASANA REBEL GMBH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS,* Case No. 25-cv-10358, filed in the U.S. District Court for the Northern District of Illinois (Dkt. No. 26); and

- AFFIDAVIT OF REINHARD von HENNIGS IN SUPPORT OF DEFENDANT ASANA REBEL GMBH'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS*, including Exhibit 1 thereto, Case No. 25-cv-10358, filed in the U.S. District Court for the Northern District of Illinois (the "Hennigs Affidavit") (Dkt. No. 26-2).

### ANALYSIS OF THE AFFIDAVIT OF REINHARD VON HENNIGS

4. The Hennigs Affidavit states in section 3 that, as Mr. Hennigs understands the documents, the Terms of Use attached to his Affidavit as Exhibit 1 govern the agreement between Plaintiff and Defendant and that the Agreement was concluded online through a clickwrap process. Mr. Hennigs does not distinguish between the two versions of Defendant's Terms of Use (the current Terms of Use and the Terms of Use posted at the time of Plaintiff's enrollment) that are included in Exhibit 1 of the Hennigs Affidavit.

5. However, based on my expertise, in order for terms of use to govern the agreement between two parties under German law, the proponent of the agreement would need to show under the general rules of contract formation and additional rules applicable to ecommerce that an agreement was concluded (i.e., formed) and that any such terms of use were made part of such agreement before it can be assumed that the terms of use govern the agreement.

6. The Declaration of Pascal Klein ("Klein Declaration"), Defendant's managing director, and its two exhibits are part of Exhibit 1 to the Hennigs Affidavit. The Klein Declaration states in item 8 that Plaintiff enrolled in an annual subscription on or about January 15, 2024, and further states in item 10 that such subscription was governed by the terms of use in effect at the time Plaintiff enrolled.

7. However, the Hennigs Affidavit offers no analysis under German law that a contract between Plaintiff and Defendant was formed and that such contract properly incorporated any terms of use. It appears that Mr. Hennigs simply assumed that the Klein Declaration is correct with respect to the legal conclusion that Plaintiff is bound by one or both of the Terms of Use provided, without forming an opinion on this matter.

2

8.      In addition, nothing in the documents, beyond statements in the text of the Terms of Use themselves, in any way supports Mr. Hennigs' assumption that "[t]he Agreement was concluded online through a clickwrap process." Hennigs Affidavit, Section 3.

9.      In the context of this case, assuming German law applies, an analysis of the German rules of contract formation is necessary to determine if the Terms of Use are binding on Plaintiff.

**GERMAN LAW RULES OF CONTRACT FORMATION**

10.     Based on my expertise, the laws of Germany on contract formation can be summarized as follows:

11.     **Contract by Mutual Declarations (Offer and Acceptance).** Under German law, a contract is generally concluded by two corresponding declarations of intent: offer and acceptance. The statutory framework for formation is primarily codified in §§ 145–156 BGB (Bürgerliches Gesetzbuch, the German Civil Code)[1].

    a.  **Offer**. An offer is a declaration that is sufficiently definite and shows an intention to be legally bound such that the contract is formed by a simple "yes" from the other party (acceptance). Under § 145 BGB, the offeror is bound by the offer unless binding effect is specifically excluded.

    b.  **Acceptance.** An offer lapses if rejected or not accepted in time (§ 146 BGB), and acceptance must occur within the statutory or set period (§§ 147–149 BGB). As a rule, acceptance must be declared. However, § 151 BGB allows contract formation without receipt of the acceptance declaration by the offeror where such an acceptance declaration is not to be expected according to customary practice or if the offeror has waived it.

12.     **Receipt and Effectiveness of Declarations.** A declaration (offer or acceptance) that must be made to another becomes effective when it is received by that person (§ 130(1) BGB). Receipt occurs when the declaration enters the recipient's sphere of control such that, under normal circumstances, the recipient has the possibility of becoming aware of its content.

13.     **Offer vs. Invitation to Make an Offer**. German law distinguishes between:

- a binding offer, and

- a non-binding invitation to submit an offer, typically used to avoid unintended obligations where inventory, credit checks, or confirmation steps are needed.

14.     **Agreement on Essential Terms and Unresolved Points**. Even where parties exchange offer/acceptance language, contract formation requires agreement on the essential

---

[1] An English Translation of the German Civil Code (BGB) is available here: https://www.gesetze-im-internet.de/englisch_bgb/englisch_bgb.html. Relevant sections of BGB, sections 13, 130, 145–157, 305–312j, and 826, are attached as Exhibit 1 to this Declaration.

3

elements of the contemplated contract (*essentialia negotii*—depending on contract type, typically parties, subject matter, price/remuneration, etc.). Where parties intend to reach agreement but leave points open, §§ 154–155 BGB specify the consequences of (open or hidden) lack of agreement and supply interpretive default rules (including the idea that, in doubt, no contract exists until all points intended to be agreed are settled).

15. **Online Contracts Under German Law.** Online contracts are also governed by the above-mentioned general contract formation rules (§§ 145–157 BGB) together with special provisions for electronic commerce and consumer contracts.

    a. **Clickwrap Agreements.** Contract formation follows standard offer and acceptance principles. In online retail and service contexts, the customer's order typically constitutes the offer; acceptance occurs upon confirmation by the provider (unless the provider's website is structured as a binding offer). Under German law, clickwrap agreements (where the customer must actively click "I agree") are generally enforceable if:

- The terms are effectively incorporated into the contract, and

- The customer had a reasonable opportunity to take notice of them.

    b. **Browsewrap Agreements.** Browsewrap arrangements (where terms are merely linked on the website and no explicit assent is required) face significantly greater enforceability concerns under German law. § 305(2) BGB requires explicit reference and opportunity to take notice before contract conclusion. Passive hyperlink placement without clear reference is typically insufficient.

    c. **Incorporation of General Terms and Conditions – §§ 305–312j BGB.** General terms and conditions are all pre-formulated contractual terms and conditions for a large number of contracts that one party to the contract imposes on the other party to the contract when concluding a contract (§ 305 BGB). (The legal term "Verwender" recited in the relevant section of the BGB is officially translated as "user," which in an online transaction is typically the website operator that posts the terms and conditions on its website.) Such general terms and conditions become part of the contract only if under § 305(2) BGB:

- The user of general terms and conditions refers the other party to such terms explicitly before contract conclusion,

- The other party has a reasonable opportunity to take notice of their content, and

- The other party agrees to their applicability.

Moreover, the following special rules relating to incorporation of general terms and conditions apply:

- Surprising clauses are invalid (§ 305c(1) BGB).

- Ambiguities are interpreted against the user of general terms and conditions (contra proferentem rule, § 305c(2) BGB).

- Even if incorporated, general terms and conditions are subject to substantive judicial review and are invalid if they unreasonably disadvantage the contractual counterparty, particularly in consumer transactions (§§ 307–309 BGB) and may be found invalid if they:

  - Unreasonably disadvantage the other party (§ 307 BGB),

  - Violate transparency requirements (§ 307 BGB), or

  - Are explicitly disallowed (§§ 308–309 BGB).

- If the contracting party is a consumer (§ 13 BGB), review of general terms and conditions is particularly strict.

- Under German law, invalid general terms and condition clauses are void, but the remainder of the contract generally remains in force (§ 306 BGB).

- In electronic commerce the "trader" (typically, the website operator) must make the contractual terms, including any general terms and conditions, available in a manner that enables the customer to store and reproduce them. This requirement is codified in § 312i(1) no. 4 BGB and related information duties under Art. 246c EGBGB.

Thus, properly structured clickwrap mechanisms generally satisfy German requirements of contract formation if the consumer must actively confirm acceptance after being clearly directed to the reproduceable terms. Typically, clickwrap arrangements require a completed checkbox indicating acceptance of the terms; if a checkbox is not employed, the contract would be looked at by a German court with heightened scrutiny. §§ 305–312 BGB.

Browsewrap agreements are rarely enforced because, due to their nature, they typically do not meet the specific requirements for online purchases under German law.

16.    **Additional Obligations in Consumer Contracts.** If the purchaser of services qualifies as a consumer (§ 13 BGB), additional protective rules apply. Online service contracts with consumers qualify as distance contracts under §§ 312c–312i BGB and are subject to enhanced information and withdrawal rights. Under Art. 246a EGBGB[2] (Introductory Act to the Civil Code), the trader must provide clear and comprehensible information before the consumer is bound, including:

- Essential characteristics of the service,

- Total price,

- Identity and contact details of the provider,

---

[2] A German version of the German Introductory Act to the Civil Code (EGBGB) is available here: https://www.gesetze-im-internet.de/bgbeg/index.html. Section 246a of the translated EGBGB is attached as Exhibit 2 to this Declaration, along with its German original.

- Duration and termination conditions,

- Withdrawal rights,

- Where applicable, the duration of the contract or the conditions for terminating open-ended contracts or automatically renewable contracts (Art. 246a (1) Nr. 14 EGBGB),

- Where applicable, the minimum duration of the obligations that the consumer enters into with the contract (Art. 246a (1) Nr. 15, EGBGB).

## BURDEN OF PROOF

17. Under established case law of the German Federal Court of Justice ("BGH"), the party deriving rights from a legal transaction bears the burden of proof that the transaction was validly concluded. Accordingly, a party asserting rights under a contract or relying on certain contract terms must establish the formation of such contract, including offer and acceptance, BGH II ZR 68/00.[3] The Defendant must therefore establish the existence of the required declarations of intent – offer and acceptance – under §§ 145–147 BGB in order to derive any rights from any contractual clauses between the parties.

18. The party relying on general terms and conditions bears the burden of proof that those terms were effectively incorporated into the contract in accordance with § 305(2) BGB.

19. The assessment of evidence is governed by § 286 ZPO[4]. The standard of proof applied in German civil proceedings is set forth in § 286(1) ZPO. The statute states that the court must decide, taking into account the entire content of the proceedings and the results of any hearing of evidence, whether a factual assertion is to be considered true or false. Under the principle of free evaluation of evidence, the court assesses the probative value of all evidence in its entirety.

## FEATURES OF GERMAN CIVIL LITIGATION

20. If this action were to be brought under German law in a German court, punitive damages cannot be recovered by the prevailing plaintiff. German civil law limits damages to full compensation for the actual loss suffered. This is the case even if the defendant inflicted damages intentionally, as provided by § 826 BGB.

21. Germany has limited pre-trial proceedings that do not include a pre-trial discovery mechanism comparable the one used in U.S. litigation.

---

[3] A certified English Translation of this case is attached as Exhibit 3 to this Declaration, along with the German original.

[4] An English Translation of the German Code of Civil Procedure (ZPO) is available here https://www.gesetze-im-internet.de/englisch_zpo/englisch_zpo.html. Relevant sections of ZPO, sections 91 and 286, are attached as Exhibit 4 to this Declaration

22.     Germany follows the "loser pays" principle in civil litigation. The prevailing party, including the defendant, is entitled to reimbursement of costs and reasonable attorney fees, as set forth in § 91 ZPO.

23.     No mechanism analogous to U.S. class actions (whereby a single consumer plaintiff can bring a suit on behalf of a group of plaintiffs) is available under German law in German courts.

24.     In my opinion, should this case be brought in a German court, the court would very likely apply German law to the resolution of the disputes between the parties.

25.     According to a 2026 report analyzing the statistics for year 2025, the average pendency of a civil case filed in Landgericht Berlin II, is approximately 13.3 to 14.4 months.[5]

## APPLICATION TO THE CASE

26.     As the party relying on the Terms of Use's forum selection clause, Defendant Asana Rebel bears the burden of proof with respect to contract formation.

27.     In my opinion, based on the review of the documents provided, Asana Rebel, being a trader engaged in ecommerce has not met its burden of establishing that either of the Terms of Use in Exhibit 1 to the Hennigs Affidavit form a valid contract between Plaintiff and Asana Rebel in accordance with German law.

28.     Existence of the offer and acceptance in accordance with §§ 145–156 BGB is not clearly evident from the Hennigs Affidavit and Exhibit thereto. The documents do not show that the specific requirements for the validity of clickwrap agreements are met. Nor do the documents offer any indication that a browsewrap agreement (which, as noted above is difficult to enforce) was formed. For example, the Klein Declaration does not even clearly state that the Terms of Use updated in July 2023 were available on Defendant's website at the time Plaintiff enrolled.

29.     The two sets of Terms of Use attached to the Hennigs Affidavit appear to be general terms and conditions used by Defendant and are therefore subject to §§ 305–312j BGB. As the party relying on these general terms and conditions, Asana Rebel bears the burden of proof that those terms and conditions were effectively incorporated into the contract in accordance with § 305(2) BGB.

30.     The documents provided do not contain sufficient information to confirm that such terms of use were incorporated into a contract between Plaintiff and Defendant.

---

[5] The statistics for the Berlin court, including Landgericht Berlin II, can be found at https://pardok.parlament-berlin.de/starweb/adis/citat/VT/19/SchrAnfr/S19-24923.pdf at page 4, I.2., "Zivilprozess I. Instanz" (highlighted for the Court's convenience), attached as Exhibit 5 to this Declaration.

31.     Moreover, from the evidence attached to the Hennigs Affidavit, there is insufficient information to confirm whether Defendant met its additional obligations towards the Plaintiff (§§ 312c–312i BGB), who is considered a consumer under German law in accordance with § 13 BGB.

32.     It is my opinion, that Defendant has not met its burden of proof on the above-mentioned points under German law.

33.     If it is determined that Defendant met its burden of establishing that the Plaintiff and Defendant concluded a contract encompassing the Terms of Use, in my opinion, the phrase "sämtliche Streitigkeiten aus diesem Vertrag" (translated to English as "all disputes arising from this Agreement") in section 17 of the Terms of Use updated in July 2023 creates a doubt in the interpretation as to what disputes are covered. As mentioned above, § 305c(2) BGB requires any doubts in the interpretation of standard business terms to be resolved to the detriment of Asana Rebel, the drafter of the Terms of Use.

### CONCLUSION

34.     In my opinion, based on my review of the documents and applicable law referenced herein, and based on my expertise in German law, Defendant has not sufficiently shown that the Terms of Use it asserts constitute the agreement between Plaintiff and Defendant actually constitutes any part of an agreement between the parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this March 12, 2026, at San Francisco, California.

Jesko Onken

8