IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kristin Adamiec, on behalf of herself and all others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-cv-10358 |
| Asana Rebel GmbH | ) ) ) | |
| Defendant. | ) | |

Order

Plaintiff Kristin Adamiec, an Illinois citizen and resident, purchased a one-year subscription to a fitness app sold by defendant Asana Rebel, a company organized and headquartered in Germany. Adamiec expected and wanted her Asana subscription to end after a year, so she was surprised when Asana automatically renewed her subscription, billing her twice the price she paid for the first year. Adamiec filed this action claiming that Asana's subscription billing practice violates the Illinois Automatic Contract Renewal Act, the Illinois Consumer Fraud and Deceptive Practices Act, the Illinois common law of conversion, and the equitable principles of unjust enrichment and money had and received. Before me is defendant's motion to dismiss the action for *forum non conveniens* on the ground that choice of law and forum

1

selection clauses in the Terms of Use that it argues govern plaintiff's use of the Asana app designate Germany as the exclusive forum for her claims and German law as the governing law. The motion is denied.

Defendant's argument rests on the unremarkable legal principles that "forum selection clauses are 'presumed valid,'" Mot., ECF 26 at 3 (quoting *Hugel v. Corp. of Lloyd's*, 999 F2d 206, 210 (7th Cir. 1993)), and that "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient," *id*. (quoting *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 51 (2013). But these arguments concern the validity of such clauses and do not address the antecedent question of whether the parties agreed to the forum selection clause at all, which is an issue of contract *formation* rather than *validity*. *See Kaufman v. Am. Exp. Travel Related Servs. Co.,* No. 07 C 1707, 2008 WL 687224, at *3 (N.D. Ill. Mar. 7, 2008) (Gottschall, J.) ("as an antecedent matter, the court must determine whether the parties have a valid contract[.] ... Only if the court finds a valid contract may it turn to the choice of law provision in the Agreement in order to determine the validity of the arbitration provision."). The arguments and authorities defendant raises in its motion do not speak to this threshold issue. In fact, the *Atlantic Marine* Court's observation that "[w]hen the parties have agreed to a valid forum-selection clause,

a district court should ordinarily transfer the case to the forum specified in that clause," 571 U.S. at 62, is accompanied by the express caveat, "[o]ur analysis presupposes a contractually valid forum-selection clause." *Id*. at n. 5.

Moreover, even the threshold question, "did the parties form a contractually valid forum-selection agreement?" requires antecedent analysis to determine which forum's laws govern *that* question. *See Kaufman* 2008 WL 687224, at *3 (court "must decide which state's law applies to the issue of contract formation" to determine whether valid forum selection agreement was created). "When a federal court sits in diversity," as is the case here, "we look to the choice-of-law rules of the forum state to determine which state's law applies to the issues before it." *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021) (internal quotation marks and citation omitted). Accordingly, I apply Illinois choice-of-law rules to determine which forum's law governs contract formation. And because defendant (who bears the burden on the issue, *see Bridgeview Health Care Ctr., Ltd. v. State Farm Fire & Cas. Co.*, 10 N.E.3d 902, 905 (Ill. 2014)), has not shown any conflict between German and Illinois law on the issue of contract formation, nor do the parties agree that forum law does not apply, Illinois law governs the question. *Sosa*, 8 F.4th at 637.

Under Illinois law, online consumer agreements, like all contracts, are enforceable only if there has been "a meeting of

the minds or mutual assent as to the terms of the contract." *Gaines v. Ciox Health, LLC,* 264 N.E.3d 1027, 1039 (Ill. App. Ct. 2024). While there are different types of online agreements, including "clickwrap agreements, browsewrap agreements, and hybrid versions of those agreements," in all events "the circumstances of the transaction must provide the offeree with reasonable notice that the terms of an agreement are being offered and that certain acts or conduct by the offeree will constitute acceptance of the offer." *Id*. This is a "'fact-intensive' inquiry." *Id*. (citing *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1034-35 (7th Cir. 2016) (applying Illinois contract law)).

Yet defendant's motion is devoid of any facts suggesting that plaintiff assented to terms requiring her to litigate the claims asserted here in Germany, under German law. Defendant points to the declaration of Asana Rebel's Managing Director, Pascal Klein, whose statements in this connection assert only that plaintiff "enrolled in an annual subscription to AR on or about January 15, 2024"; that "AR's current Terms of Use are made available on AR's website"; and that "Plaintiff's subscription to AR was governed by the Terms of Use in effect at the time Plaintiff enrolled, which were last updated on (sic) July 2023." Klein Decl., ECF 26-1 at ¶¶ 8-10. Conspicuously, these statements fail to suggest that plaintiff even *saw* the Terms of Use that defendant contends require her to litigate in Germany, much less that she manifested her

4

assent to them. For this reason alone, defendant fails to show that plaintiff's claims here must be dismissed and pursued, if at all, in a German forum under German law.

Defendant's effort to cure this omission through additional affidavits and screenshots purporting to establish the steps plaintiff took to purchase defendant's app is too little, too late. Setting aside that "[a]rguments raised for the first time in a reply brief are waived," *Pugel v. Bd. of Trs. of Univ. of Illinois*, 378 F.3d 659, 669 (7th Cir. 2004), and "[t]his goes for new facts too," *Gold v. Wolpert,* 876 F.2d 1327, 1331, n.6 (7th Cir. 1989),[1] defendant's new materials expressly contradict facts plaintiff asserts in her complaint. *Compare* Compl., ECF 1 at ¶ 39 (depicting image of "the first of the two pages displayed to consumers at the end of Asana Rebel's enrollment process...that Plaintiff used in January 2024" *with* Klein Supp. Decl., ECF 50-1 at ¶ 11 ("[t]he screenshot that is contained in Plaintiff's Complaint at paragraph 39 did not originate from try.asanarebel.com, and therefore does not reflect the signup flow through which Plaintiff enrolled.").

---

[1] Tacitly acknowledging this principle, defendant tries—through the "Supplemental Affidavit" (actually a declaration) of its putative legal expert—to frame its reply as a responsive to a "new issue" plaintiff raised in response to its motion, namely "that no contract may have been formed between Plaintiff and Defendant." ECF 50-2 at 1. But defendant has it backwards: the formation of an enforceable agreement containing a valid forum selection clause is an affirmative matter defendant must establish to obtain the relief it seeks.

On a motion to dismiss, I accept plaintiff's version of the facts. So even if I considered defendant's forfeited arguments, they would not persuade me to grant the relief it seeks.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: May 27, 2026