IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kristin Adamiec, on behalf of herself and all others similarly situated | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 25-cv-10358 |
| Asana Rebel GmbH | ) | |
| Defendant. | ) | |

Order

Plaintiff Adamiec's motion for entry of her proposed ESI Protocol is granted. The parties have already agreed to a protective order in this case, and they apparently agree to most of the terms of the ESI Protocol, too. But defendant—a German corporation—objects to plaintiff's proposed ESI Protocol on the ground that it lacks provisions it argues are necessary to ensure that its discovery conduct complies with foreign laws to which it is also subject. Defendant thus seeks to incorporate certain terms—plaintiff calls them the "Foreign Law Provisions"—stating that discovery in this case is governed not only by the Federal Rules of Civil Procedure, but also by the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), the European Union's General Data Protection

Regulation ("GDPR"), and the German Federal Data Protection Act ("BDSG"), and that it will produce documents "subject to" these laws. Defendant's proposed modifications to plaintiff's proposal are inappropriate.

To begin, the Hague Convention is "a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad," *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 536 (1987). As another court in this district has observed, "the Federal Rules are 'the normal methods' for federal litigation involving foreign national parties unless the 'optional' or 'supplemental' [Hague] Convention procedures prove to be conducive to discovery under some circumstances." *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 497 (N.D. Ill. 2021) (quoting *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 302 (3d Cir. 2004)). *See also Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP,* No. 16 C 3401, 2017 WL 4287205, at *1 (N.D. Ill. Sept. 27, 2017) ("the procedures of the Hague Convention are not 'mandatory' for seeking discovery located in a foreign country; rather, the Hague Convention 'is one method of seeking evidence that a court may elect to employ.') (quoting *Aerospatiale*, 482 U.S. at 541)). These principles mean that plaintiff is presumptively entitled to seek discovery pursuant to the Federal Rules of Civil Procedure, and to the extent defendant believes

that a conflicting provision in the Hague Convention prevents it from producing discovery she seeks, it bears the burden of establishing that the Convention applies and that it bars production. *Inventus*, 339 F.R.D. at 498 (citations omitted).

The analysis is similar with respect to defendant's invocation of the GDPR and the BDSG. Defendant maintains that the Foreign Law Provisions are necessary to ensure that it complies with these authorities in responding to plaintiff's discovery requests. But there is no merit to this argument because "[t]he fact that foreign law may subject a person to criminal sanctions in the foreign country if he produces certain information does not automatically bar a domestic court from compelling production." *United States v. First Nat. Bank of Chicago*, 699 F.2d 341, 345 (7th Cir. 1983). Nevertheless, *Aerospatiale* cautions courts to "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." 482 U.S. at 546. This requires a balancing test based on "particularized analysis of the respective interests of the foreign nation and the requesting nation," *id*. at 543-44, in which party asserting foreign law bears the burden of identifying sufficiently specific information "to allow the Court to determine whether the discovery sought is indeed prohibited by foreign law," *Republic Techs.* 2017 WL 4287205, at *1.

Finally, defendant's concern that its agreement to plaintiff's proposed ESI Protocol will somehow be deemed a waiver of its rights and objections under foreign law is unwarranted. As the law requires a "particularized analysis" of the potentially competing foreign interests that may be implicated in responding to specific discovery requests under the Federal Rules, defendant is neither expected nor entitled to raise sweeping objections grounded in unspecified provisions of foreign law to preserve any particularized objections it may have to future requests.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: September 15, 2026